**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PANAMA PORTS COMPANY, S.A., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| M/V SE CERULEAN, IMO No. 9655169, | § § | Filed under Rule 9(h) Fed. R. Civ. P. |
| her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, | § § § | (ADMIRALTY) |
| Defendant. | § § § | |

## <u>ORIGINAL VERIFIED COMPLAINT</u>

Plaintiff, PANAMA PORTS COMPANY, S.A. (hereinafter "Panama Ports Co." or "Plaintiff"), files this Original Verified Complaint against the M/V SE Cerulean, IMO No. 9655169, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. (hereinafter "M/V SE Cerulean" or "the Vessel"), *in rem*, and alleges and pleads as follows:

<u>JURISDICTION AND VENUE</u>

1.     Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

2.     This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Admiralty Rules") for the arrest of the M/V SE Cerulean.

3.      Jurisdiction is founded on the presence within this District of the M/V SE Cerulean, which may be arrested and attached in accordance with the provisions of Rule C, as pled below.

PARTIES

4.      At all times material hereto, Panama Ports Co. was and still is a duly organized business entity in the Republic of Panama, with its head office at Avenida Arnulfo Arias Madrid Edificio 1501, Apartado 0843-00574, Panama, Republic of Panama.  Panama Ports Co. manages the ports of Balboa and Cristobal in the Republic of Panama.

5.      Defendant M/V SE Cerulean, IMO No. 9655169, her engines, apparel, furniture, appurtenances, tackle, etc., is a vessel registered under the laws of Singapore, and it is and will be within the jurisdiction of the United States and this Honorable Court during the pendency of this action.

FACTS

6.      Panama Ports Co. brings this action in order to recover money indisputably due and owing to it under a maritime contract for the supply of stevedoring services to the Vessel (hereinafter the "Stevedoring Contract").

7.      The Stevedoring Contract is between Panama Ports Co. and an entity named SE Shipping Lines Pte. Ltd. of Singapore. ("SE Shipping Lines"), which was acting as time charterer or owner of the Vessel when it entered into the contract.

8.      The Stevedoring Contract is based on the quotes for services dated June 16 and June 18, 2014 sent from Panama Ports Co. to Mr. Anand Rajaram of SE Shipping Lines, and upon the Invoice dated November 19, 2014 sent from Panama Ports Co. to the Vessel's agent at Panama, Rozo & Compania (Panama), S.A.  Copies of the Invoice and the Quotes are attached and incorporated as Exhibit A to this Complaint.

9.     Panama Ports Co. provided stevedoring services for unloading cargo from the Vessel at the Port of Cristobal, Panama, on or about October 10 through 21, 2014. Panama Ports Co. sent an Invoice dated November 19, 2014 to the Vessel's agent, Rozo & Compania (Panama), S.A., in the amount of $302,301.50 for these stevedoring services. The Invoice says that "All invoice not paid within 30 days following date of issue, will be charged with monthly interest at rate of 2% (two percent) on the outstanding balance of the invoice." Ex. A.

10.    The amount owed by the Vessel and her owner or time charterer, SE Shipping Lines, to Panama Ports Co. for these stevedoring services is $302,301.50 USD, plus accrued interest.

11.    Under the 30-day payment term of the Stevedoring Contract, the payment deadline for the November 19, 2014 Invoice was December 19, 2014. As of the date of filing this Verified Original Complaint, Panama Ports Co. has not received any payment. The Vessel and SE Shipping Lines are in breach of their obligation to pay for the stevedoring services.

12.    By requesting and accepting the stevedoring services, the Vessel's officers, agents, charterers, and representatives acted on behalf of the Vessel and her Owner and/or Operator to procure stevedoring services, and thereby accepted the services on behalf of the Vessel.

13.    The stevedoring services provided to the Vessel were necessary to the accomplishment of her mission which is worldwide trade as a commercial ship. The Vessel's officers and representatives, at the time the stevedoring services were provided by Panama Ports Co., were authorized to order necessaries for the account and on the credit of the Vessel. Also, SE Shipping Lines was authorized to procure necessaries for the Vessel. As the supplier of

stevedoring services and in these circumstances, Panama Ports Co. acquired a maritime lien for necessaries in the Vessel under the Federal Maritime Lien Act, 46 U.S.C. §§ 31301-31343.

14.     The Vessel has received the benefit of the aforementioned stevedoring services and is indebted to Panama Ports Co. and obligated to pay for the aforementioned goods and services.

15.     Panama Ports Co. performed all conditions precedent to warrant full and complete payment for the aforementioned stevedoring supplies and services.

16.     As a result of the foregoing, Panama Ports Co. possesses a maritime lien on the Vessel for the provision of necessaries, stevedoring services, enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Admiralty Rules.

17.     Payment of all sums has been duly demanded by Panama Ports Co. from the Vessel and its Owners.  However, to date, the Vessel has neglected, failed or otherwise refused to pay the outstanding aggregate sum of $302,301.50 USD plus interest and fees, which is indisputably due and owing to Panama Ports Co. for the services under the Stevedoring Contract.

<u>ALLEGATIONS IN SUPPORT OF VESSEL ARREST</u>

18.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "17" and incorporates those allegations herein.

19.     As a result of the Vessel's failure to pay Panama Ports Co. for the stevedoring services supplied to the Vessel, under the terms of the Stevedoring Contract and also by operation of law, Panama Port Co.'s claim for the amount of $302,301.50 USD plus interest and fees attaches a maritime lien on the Vessel in favor of Panama Ports Co. and is enforceable by suit *in rem*.

20. In addition, Panama Ports Co. has a maritime lien for necessaries under the laws of the Republic of Panama. *See* Articles 27 and 244 of Law 55 of 2008 on Maritime Commerce, substantive laws of the Republic of Panama.

21. Accordingly, Panama Ports Co. seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Admiralty Rules.

THEREFORE, PREMISES CONSIDERED, Panama Ports Co. prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against the M/V SE Cerulean, IMO No. 9655169, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That a warrant for the arrest of the M/V SE Cerulean be issued and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the M/V SE Cerulean, IMO No. 9655169, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*;

C. That after due proceedings, judgment be entered in favor of NuStar and against the M/V SE Cerulean, IMO No. 9655169, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, for the amount of $302,301.50 USD as well as for pre-judgment interest, post-judgment interest, costs, attorney's fees, and disbursements for this case;

D. That the M/V SE Cerulean, IMO No. 9655169, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Panama Ports Co. out of the proceeds of the said sale, the full amount of its claim, together with interest, costs, and attorney's fees; and

E.    That the Court grant Panama Ports Co. such other and further relief as may be just, equitable, and proper.

Dated:  May 7, 2015
        Houston, Texas

Respectfully submitted,

/s/ Christopher R. Hart
        Christopher R. Hart
        State Bar No.  09136310
        Federal ID No. 12517
        chris.hart@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Facsimile:     (713) 651-5246

*Attorney for Plaintiff*
Panama Ports Company, S.A.

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP
Lisa Houssiere
State Bar No.  24056950
Federal I.D. No. 904591
lisa.houssiere@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Facsimile:     (713) 651-5246

## <u>CERTIFICATE OF SERVICE</u>

This confirms that the U.S. Marshal has been or will be instructed to serve this application along with all other pleadings on the vessel at issue in accordance with Rule C of the Supplemental Admiralty Rules.

/s/ Christopher R. Hart
Christopher R. Hart

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PANAMA PORTS COMPANY, S.A., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| M/V SE CERULEAN, IMO No. 9655169, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem,* | § § § | ADMIRALTY |
| Defendant. | § § § | |

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, Edgar Pineda declares under the penalty of perjury:

1.    "I am the Chief Commercial Officer and a duly authorized representative of Panama Ports Company, S.A., the Plaintiff in the above captioned case seeking payment for stevedoring services.

2.    I have read the foregoing Original Verified Complaint and know the contents thereof.

3.    The facts asserted in paragraphs four (4) through seventeen (17) of the Original Verified Complaint, and any other facts asserted in the Complaint, are true and correct within my personal knowledge, information, and belief."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  May 7, 2015                                 Executed on May 7, 2015
        Panama City, Republic of Panama

_____

Marta González
Legal Manager,
Panama Ports Company, S.A.